[*Special Term*, 1870.]

## EUSTON *v.* THE PENDLETON STREET RAILROAD COMPANY.

Where a street railroad had been sold under a decree foreclosing a mortgage to secure its bonds, and the decree provided that the bonds, as paid, should be filed in the case, the purchaser, who was also a creditor, can not be compelled, on motion of a party from whom he had received certain bonds to use in making said purchase, but who was not a party, to produce and file the bonds which said creditor who made the motion had received back from the purchaser, and had in his own possession. Controversy between the purchaser and such holder of bonds, as to their debit and credit account, can not be settled on such a motion, but is a subject for a separate litigation.

*S. & S. R. Matthews,* for the motion.

*Headington,* contra.

This case was a suit in behalf of the plaintiff and other bondholders against the Pendleton Street Railroad Company to foreclose a mortgage to secure its bonds. A sale was made and the property purchased by Charles H. and John Kilgour, which was confirmed. The decree contained a provision that the bonds as paid should be filed in the case. Graham held five bonds and assigned them to John Kilgour to be used by him in payment of the purchase; and, as he states in his affidavit filed on the motion under consideration, with the understanding that the money should be paid to him, which should be appropriated by the court to pay the bonds. Kilgour declined to pay the money to him, but handed back the bonds to him.

Graham then moved this court to compel Kilgour to file the bonds in court, and in his affidavit he states that he has the bonds himself, but that Kilgour can have them by paying the amount appropriated by the court to Kilgour in satisfaction of them.

Kilgour claims the right to retain this money to apply to a debt due from Fisher to the railroad company as subscriber for unpaid stock.

TAFT, J.  This motion was argued some months ago, and afterward I was advised that the parties were negotiating for a settlement, and that it might not be necessary to decide it, so that I did not further consider it at the time.

I have now examined the papers in the case, and have concluded that the motion can not be granted as asked. It is an indirect way of enforcing a right of action of Fisher against Kilgour without bringing a suit.  It is right to have the bonds filed.  This provision in the decree was made for the benefit of the railroad company and those interested in it.

But Mr. Fisher has the bonds himself and moves that Kilgour be compelled to file them, which he can not possibly do, unless Mr. Fisher shall let him have them.  But he says that he will let them go on receiving so much money.

It seems to me that it is substantially the same thing as if the motion were directly to order Kilgour to pay over that amount of money to Fisher, which would not be a legitimate mode of proceeding.  I do not intend to say that Mr. Fisher may not have the right to have the relief which he claims from Mr. Kilgour, but I can not adjudicate that question on this motion to order Kilgour to file the bonds. As to the bonds, now that they are shown to be in the hands of Mr. Fisher, and as we know they have been paid, it seems to me that if the court were to issue an order it would have to include Mr. Fisher, requiring him as well as Kilgour to deliver up the bonds.

The motion will be overruled.